IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES F. TAYLOR,

    Plaintiff,

v.                                      Civil Action No. 1:11CV162
                                                             (STAMP)
AMVEST WEST VIRGINIA COAL, L.L.C.,
and CONSOL ENERGY INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING JOINT MOTION TO TRANSFER**
**PURSUANT TO 28 U.S.C. § 1404**

I.  Background

On September 9, 2011, the plaintiff commenced this civil action by filing a complaint in the Circuit Court of Marion County, West Virginia. The complaint sets forth a claim for violation of the Family and Medical Leave Act and a claim for wrongful discharge in violation of the public policy of West Virginia. The case was removed to the United States District Court for the Northern District of West Virginia at Clarksburg on October 13, 2011. Subsequently, the case was reassigned to the undersigned judge, who entered a scheduling order on November 29, 2011.[1]

On April 19, 2012, the parties filed a joint motion to transfer pursuant to 28 U.S.C. § 1404. The parties state that they have exchanged written discovery, but no further activity has

---

[1] In their joint motion to transfer, the parties state that the trial of this action is presently scheduled to occur in Wheeling, West Virginia. However, according to the November 29, 2011 scheduling order, the trial in this action is presently scheduled to be held in Clarksburg, West Virginia.

occurred. They seek to transfer this action to the United States District Court for the Southern District of West Virginia because the Southern District will be a more convenient venue for the parties and the witnesses.

## II. Applicable Law

Title 28, United States Code, Section 1404(a) provides, in pertinent part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). The United States Court of Appeals for the Fourth Circuit has held that a motion to transfer an action under § 1404 is within the sound discretion of the district court. Akers v. Norfolk & W. Ry. Co., 378 F.2d 78, 81 (4th Cir. 1967). When resolving a motion to transfer, district courts often consider the following factors:

> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

Vass v. Volvo Trucks N. Am., Inc., 304 F. Supp. 2d 851, 857 (S.D. W. Va. 2004) (quoting AFA Enterprises, Inc. v. Am. States Ins. Co., 842 F. Supp. 902, 909 (S.D. W. Va. 1994)).

## III. Discussion

In this case, each of the factors described above weighs in favor of transferring this action to the United States District

2

Court for the Southern District of West Virginia.  According to the parties, a majority of the witnesses in this case reside in the Southern District, which means that the cost of obtaining the attendance of the witnesses will be reduced if this matter is transferred.  In addition, the parties argue that the availability of compulsory process is increased if this matter is transferred to the Southern District.  The parties state that it is unlikely that a jury view will occur since this is an employment discrimination case.  Further, the parties claim that the interest in having local controversies decided at home weighs in favor of the Southern District because the plaintiff worked in the Southern District.[2]  Finally, the parties contend that the interests of justice weigh in favor of transferring this case inasmuch as all the parties request that this case be transferred.

## IV.  Conclusion

For the reasons stated above, the joint motion to transfer pursuant to 28 U.S.C. § 1404 (ECF No. 18) is GRANTED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the United States District Court for the Southern District of West Virginia.

---

[2] The plaintiff was employed at Fola Coal Company, LLC, which operates coal mines in Clay County, West Virginia.

DATED:      April 23, 2012


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE